<u>UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK</u>

**EXAMWORKS, LLC
and FIRST CHOICE EVALUATIONS, LLC**

                  **Plaintiffs,**                  <u>**COMPLAINT**</u>

**v.**

**MARK PERNA AND INSIGHT SERVICE GROUP, INC.**    **Civil Action No. _____**

                  **Defendants**

_____

Plaintiffs ExamWorks, LLC and its subsidiary, First Choice Evaluations, LLC, ("Plaintiffs" and/or collectively "ExamWorks"), by and through their undersigned counsel, Schröder, Joseph & Associates, LLP, hereby submit the following allegations as their Complaint against Defendants Mark Perna and Insight Service Group, Inc.

## <u>PARTIES</u>

1. ExamWorks, LLC and ExamWorks Group, LLC do business in New York and throughout the United States and Canada and their principal place of business is located at 3280 Peachtree Road NE, Atlanta, Georgia 30305.

2. Upon information and belief, defendant Mark Perna ("Defendant Perna" or "Perna") is a resident of New York who resides at 5730 Glen Iris Drive, Clarence Center, New York 14032.

3. Upon information and belief, defendant Insight Service Group, Inc. ("Defendant Insight Service" or "Insight Service" ) is a Massachusetts corporation that also is registered to do business in New York and does business in Erie County, New York.

4. Defendant Insight Service is a direct competitor of ExamWorks.

5. Venue and jurisdiction in this action are available in this action in the United States District Court for the Western District of New York based on diversity jurisdiction; the

terms of an employment agreement entered into by Defendant Perna with Plaintiff ExamWorks; and because the claims in this action arise out of conduct engaged in by both Defendant Perna and Defendant Insight Services in Erie County in the State of New York.

## FACTS

6. Plaintiff ExamWorks is an independent provider of medical examinations, peer reviews, bill reviews, Medicare compliance, record retrieval, document management and related services.

7. Plaintiff ExamWorks' customers are located throughout the United States and Canada and Plaintiff has an office in Erie County located at 2878 Union Road, Suite 8, Cheektowaga, NY 14227.

8. Plaintiff ExamWorks' customers have highly specialized needs that few businesses other than ExamWorks can satisfy.

9. In order to satisfy its customers and attract new customers, Plaintiff ExamWorks has invested, and continues to invest, substantial time, money, and specialized knowledge into developing, among other things, its resources, creating a customer base, generating customer and potential customer lists, training its employees, and improving its business offerings.

10. Plaintiff ExamWorks' investment has resulted in the creation of, among other things, valuable proprietary and confidential information and a valuable well-trained staff.

11. Because of its significant value, Plaintiff ExamWorks takes numerous steps to protect and maintain its proprietary and confidential information. For example, Plaintiff ExamWorks enters into confidentiality and nondisclosure agreements with its employees, which also contain noncompete provisions and provisions prohibiting solicitation of customers, employees, suppliers, and vendors.

12. Defendant Perna was employed by Plaintiff ExamWorks as a sales executive from October 31, 2015 through July 11, 2025 and held the title of Vice President of Sales and Marketing at the time of his voluntary resignation from his position with Plaintiff ExamWorks.

13. Defendant Perna voluntarily resigned from Plaintiff ExamWorks effective July 11, 2025 and did so, upon information and believe, to accept a position offered to him by Defendant Insight Services.

14. On October 29, 2015, Defendant Perna entered into and executed an Employment Agreement and a Non-Compete and Confidential Information Protection Agreement with ExamWorks, Inc. (the "Employment Agreement"). A copy of the Employment Agreement is attached as **Exhibit A.**

15. The Employment Agreement contains terms and conditions which govern Defendant Perna's employment with Plaintiff ExamWorks and his obligations and commitments to ExamWorks following any termination of his employment with ExamWorks.

16. Thus, the Employment Agreement contains terms and conditions which imposed post-employment obligations on Defendant Perna. For example, upon separation from employment with ExamWorks, Defendant Perna was:

    a. required to return all of ExamWorks' property and Confidential Information (as defined by the Employment Agreement);

    b. prohibited from disclosing or using ExamWorks' Confidential Information;

    c. prohibited from accepting employment with or working for any of ExamWorks' competitors for a period of two years from the date of termination of employment with ExamWorks;

3

      d.      prohibited from soliciting, hiring or recruiting, directly or indirectly, any of ExamWorks' employees.

      e.      prohibited from attempting to solicit, hire, or recruit, directly or indirectly, any of ExamWorks' employees;

      f.      prohibited from contacting, servicing, or soliciting, directly or indirectly, any of ExamWorks' former, current, or prospective customers; and

      g.      prohibited from attempting to contact, service, or solicit, directly or indirectly, any of ExamWorks' former, current, or prospective customers.

17.    Defendant Perna acknowledged in the Employment Agreement that he understood that Plaintiff ExamWorks had invested, and continues to invest, substantial time, money and specialized knowledge into developing its resources, creating a customer base, in generating customer and potential customer lists, training its employees, and improving its business offerings, and that Plaintiff ExamWorks created and continues to use and create the Confidential Information as a result of these efforts.

18.    Defendant Perna further acknowledged in the Employment Agreement that the Confidential Information is worthy of protection and is the sole property of ExamWorks, and that the covenants contained in the Agreement are a reasonable means to provide such protection.

19.    As Plaintiff ExamWorks' Vice President of Sales and Marketing, Defendant Perna had access to and utilized ExamWorks' Confidential Information.

20.    Among other places where Defendant Perna stored Confidential Information belonging to Plaintiff ExamWorks, Defendant Perna stored Confidential Information belonging to Plaintiff ExamWorks in his personal cell phone.

21. Defendant Perna breached the Employment Agreement in numerous ways.

22. Defendant Perna also received shares from Plaintiff ExamWorks pursuant to two Restricted Share Unit Award Agreements, copies of which are attached hereto as **Exhibit B** and **Exhibit C**, which contain restrictive covenants such as those contained in the Employment Agreement attached as **Exhibit A**.

23. In addition to his breaches of the restrictive covenants contained in the Employment Agreement, Defendant Perna also has breached those same restrictive covenants contained in the Restricted Share Unit Award Agreements.

24. In breach of the Employment Agreement and the Restricted Share Unit Award Agreements, Defendant Perna accepted an employment position with Defendant Insight Services to commence work immediately upon his voluntary termination of his employment with Plaintiff ExamWorks and did not wait the agreed-upon two years to do so.

25. Upon information and belief, Defendant Perna has breached the Employment Agreement and the Restricted Share Unit Award Agreements by soliciting employees of Plaintiff ExamWorks to accept employment positions with Defendant Insight Services.

26. Upon information and belief, Defendant Perna has breached the Employment Agreement and the Restricted Share Unit Award Agreements by soliciting customers of Plaintiff ExamWorks.

27. Upon information and belief, Defendant Perna has breached the Employment Agreement and the Restricted Share Unit Award Agreements by utilizing Confidential Information belonging to Plaintiff ExamWorks in securing employment with Defendant Insight Services, in soliciting employees of Plaintiff ExamWorks to accept employment with Defendant Insight Services and in soliciting customers of Plaintiff ExamWorks to do business with

Defendant Insight Services.

28. Under the terms of the Restricted Share Unit Award Agreements (**Exhibit B** and **Exhibit C** hereto), Defendant Perna received shares from Plaintiff ExamWorks which he agreed to return to ExamWorks upon any acquisition of the company and for which he agreed to accept an award payment in the event of such acquisition.

29. On or about July 27, 2026, in connection with an acquisition of ExamWorks, Defendant Perna accepted payment in the amount of $756,589.30 for the shares of ExamWorks that he had received under the Restricted Share Unit Award Agreements, as shown by the receipt signed by Defendant Perna attached hereto as **Exhibit D**.

30. Under the terms of the Restricted Share Unit Award Agreements (**Exhibit B** and **Exhibit C** hereto), Defendant Perna was required to refund the $756,589.30 which he had received upon his acceptance of the employment position with Defendant Insight Services.

31. On or about July 15, 2025, ExamWorks sent Defendant Perna a letter demanding that he cease in desist in his violations of the Employment Agreement and the Restricted Share Unit Award Agreements and, per the terms of the ExamWorks Amended and Restate 2008 Stock Incentive Plan (on which the Restricted Share Unit Award Agreements were based), formally demanding that he return the $756,589.30 to Plaintiff within 10 days of his receipt of this letter. No response to the letter or payment has been received by Plaintiff despite the expiration of the ten-day period. A copy of the correspondence to Defendant Perna is attached as **Exhibit E**.

32. As shown by **Exhibit E**, Defendant Perna was reminded of all his obligations under the agreements he entered into with Plaintiff ExamWorks and, in particular, it was noted that it had come to Plaintiff's attention that Defendant Perna not only was violating the non-compete restriction and potentially violating the non-solicitation of customers restriction and

6

other restrictions by accepting employment with Defendant Insight Services, but that Plaintiff ExamWorks also had reason to believe that Defendant Perna was soliciting other employees of ExamWorks to join him in accepting employment with Defendant Insight Services. **Exhibit E** at page 1.

33. Defendant Perna has breached the Restrictive Award Agreements by failing and refusing to the return the $756,589.30 due and owing to Plaintiff ExamWorks under the terms of the Restricted Share Unit Award Agreements (**Exhibit B** and **Exhibit C** hereto) in that more than 10 days have passed since Defendant Perna's receipt of the July 15, 2025 letter and he has not returned the $756,589.30,

34. Defendant Perna also has shown—by failing to even respond to the July 15, 2025 letter (**Exhibit E** hereto)—that he intends to continue his other violations of his agreements with Plaintiff ExamWorks by failing to agree to cease and desist from all violations of the Employment Agreement and the Restricted Share Unit Award Agreements.

35. Defendant Insight Services has tortiously interfered with the Employment Agreement and the Restricted Share Unit Award Agreements in that it has been made aware of the provisions of these agreements and nonetheless has encouraged, caused and participated in Defendant Perna's breaches of these agreements.

36. Specifically, on or about July 16, 2025, ExamWorks sent a letter to Defendant Insight Services informing it of the restrictive covenants and other provisions of the Employment Agreement and the Restricted Share Unit Agreements, a copy of which is attached as **Exhibit F**.

37. Despite receiving **Exhibit F**, upon information and belief, Defendant Insight Services has nonetheless employed Defendant Perna and also has encouraged and participated in Defendant Perna's breaches of the Employment Agreement and the Restricted Share Unit Award

7

Agreements despite having been informed of the provisions and restrictive covenants of these agreements at issue. **Exhibit F**, *passim*.

38. In fact, Defendant Insight Services has not complied with the July 16, 2025 letter, thereby demonstrating its intent to tortiously interfere with the contract provisions between Plaintiff ExamWorks and Defendant Perna of which it has been made aware.

39. As an employee and/or on behalf of Defendant Insight Services, upon information and belief, Defendant Perna has contacted ExamWorks' customers and prospective customers soliciting them to do business with Defendant Insight Services, offering goods and/or services similar to or competitive with those offered by ExamWorks and its affiliates.

40. As an employee and/or on behalf of Defendant Insight Services, Defendant Perna has solicited employees of Plaintiff ExamWorks to leave their positions with ExamWorks and accept employment with Defendant Insight Services.

41. Upon information and belief, beginning in July, 2025, Defendant Insight Services caused, and paid Defendant Perna to contact and solicit business from ExamWorks' customers and prospective customers in violation of the Employment Agreement and the Restricted Share Unit Award Agreements.

42. Upon information and belief, beginning in July, 2025 or earlier, Defendant Insight Services caused, and paid and/or encouraged Defendant Perna to contact and solicit employees of ExamWorks to accept employment positions with Defendant Insight Services in violation of the Employment Agreement and the Restricted Share Unit Award Agreements.

43. Upon information and belief, Defendant Insight Services knew or should have known that Defendant Perna had entered into the agreements with ExamWorks and that such agreements prohibited Defendant Perna from contacting and soliciting business from

ExamWorks' customers and prospective customers and from soliciting ExamWorks' employees.

44. Upon information and belief, Defendant Insight Services interfered with and/or caused Defendant Perna to breach the Agreements.

45. Upon information and belief, Defendant Insight Services has improperly and without authorization utilized Confidential Information and trade secrets that belong to ExamWorks.

46. Upon information and belief, the Confidential Information and trade secrets that Defendant Insight Services improperly and without authorization utilized were provided to it by Defendant Perna.

47. Also, in breach of the Agreement, upon information and belief, Defendant Perna has failed and refused to return all of ExamWorks' property and Confidential Information in their possession or control, including without limitation, Confidential Information belonging to ExamWorks that is contained in Defendant Perna's cell phone or other electronic devices belonging to Defendant Perna.

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(Against Defendant Perna)**

48. Plaintiff ExamWorks repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

49. Defendant Perna entered into binding contracts with ExamWorks including **Exhibit A, Exhibit B** and **Exhibit C** to this Complaint.

50. As more fully described hereinabove, Defendant Perna has breached the Agreement by accepting employment with Defendant Insight Services, by soliciting customers and employees of Plaintiff ExamWorks, and by violating the confidentiality provisions of these

agreements by retaining, using and not returning to Plaintiff ExamWorks all of the Confidential Information and trade secrets belonging to Plaintiff ExamWorks that is in Defendant Perna's possession, custody, and control.

51. Plaintiff ExamWorks has fully performed, and has not breached, all of its agreements with Defendant Perna.

52. Plaintiff ExamWorks has been damaged by Defendant Perna's aforementioned breaches of the agreements attached as **Exhibit A, Exhibit B** and **Exhibit C** and is incurring irreparable harm by reason of Defendant Perna's continuing violations of **Exhibit A, Exhibit B** and **Exhibit C**.

**SECOND CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(Against Defendant Perna)**

53. Plaintiff ExamWorks repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

54. Defendant Perna entered into a binding contracts the Restricted Share Unit Agreements attached hereto as **Exhibit B** and **Exhibit C** under which Defendant Perna received shares from Plaintiff ExamWorks, which he agreed to return to ExamWorks upon any acquisition of the company and for which he agreed to accept an award payment in the event of such acquisition.

55. On or about July 27, 2026, in connection with an acquisition of ExamWorks, Defendant Perna accepted payment in the amount of $756,589.30 for the shares of ExamWorks that he had received under the Restricted Share Unit Award Agreements, as shown by the receipt signed by Defendant Perna attached hereto as **Exhibit D**.

56. Under the terms of the Restricted Share Unit Award Agreements (**Exhibit B** and **Exhibit C** hereto), Defendant Perna was required to refund the $756,589.30 which he had received upon his acceptance of the employment position with Defendant Insight Services.

57. As more fully described above, Defendant Perna has breached **Exhibit B** and **Exhibit C** hereto by failing to return or refund the $756,589.30 due and owing to Plaintiff ExamWorks.

58. Plaintiff ExamWorks has fully performed its obligations to Defendant Perna under **Exhibit B** and **Exhibit C** hereto.

59. Plaintiff ExamWorks has been damaged by Defendant Perna's breach of Exhibit B and Exhibit C by not returning the $756,589.30 due and owing to Plaintiff ExamWorks.

## THIRD CAUSE OF ACTION
## MISAPPROPRIATION OF BUSINESS AND TRADE SECRETS
### (Against All Defendants)

60. Plaintiff ExamWorks repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

61. Plaintiff ExamWorks created, developed, possesses, and owns Confidential Information, which is defined in the Agreements attached as **Exhibit A, Exhibit B** and **Exhibit C**.

62. Plaintiff ExamWorks Confidential Information constitutes trade secrets

63. Upon information and belief, Defendants knowingly misappropriated Plaintiff ExamWorks' Confidential Information and trade secrets through Defendants' wrongful acts.

64. As the result of Defendants' knowing misappropriation of ExamWorks' Confidential Information and trade secrets, Plaintiff ExamWorks has been harmed financially and otherwise.

65. Upon information and belief, unless enjoined, Defendants will continue to

misappropriate, use, disclose, or destroy ExamWorks' Confidential Information and trade secrets to ExamWorks' detriment.

66. Plaintiff ExamWorks has been, and will continue to be, irreparably harmed unless Defendants are enjoined from this unlawful conduct, and ExamWorks has no adequate remedy at law.

67. As a result of the foregoing, Plaintiff ExamWorks is entitled to damages in an amount to be proved, plus interest, costs, disbursements and attorneys' fees.

### FOURTH CAUSE OF ACTION
### TORTIOUS INTERFERENCE WITH CONTRACT
### (Against Defendant Insight Services)

68. Plaintiff ExamWorks repeats and realleges the preceding allegations as if fully set forth herein.

69. As more fully described hereinabove, Defendant Perna entered into Agreements with Plaintiff ExamWorks.

70. At all relevant times, valid agreements (i.e., **Exhibit A, Exhibit B** and **Exhibit C** hereto) existed between Defendant Perna and Plaintiff ExamWorks.

71. Defendant Insight Services knew of these agreements.

72. Defendant Insight Services solicited and hired Defendant Perna to accept employment with Insight Services in violation of these agreements.

73. Upon information and belief, Defendant Insight Services has caused and continues to cause Defendant Perna to solicit employees and customers of Plaintiff ExamWorks in violation of these agreements.

74. As a result of Defendant Insight Services' tortious interference, Defendant Perna has breached these agreements.

75. Plaintiff ExamWorks has complied with and performed these agreements.

76. As a result of Defendant Insight Services' wrongful acts, Plaintiff ExamWorks has suffered and will continue to suffer economic and other damages.

77. As a result of the foregoing, Plaintiff ExamWorks is entitled to damages in an amount to be proved, plus interest, costs, disbursements, and attorneys' fees.

78. There is no adequate remedy at law to compensate ExamWorks for the full extent of damages and the resulting irreparable harm and injury caused by Defendant Insight Services' conduct.

79. Plaintiff ExamWorks is entitled to injunctive relief, preventing further breaches of the agreements.

## FIFTH CAUSE OF ACTION
## UNJUST ENRICHMENT
### (Against Defendant Insight Services)

80. Plaintiff ExamWorks repeats and realleges the preceding allegations as if fully set forth herein.

81. Defendant Insight Services has been enriched as a result of the wrongful acts herein described and alleged.

82. Defendant Insight Services' enrichment has been at the expense of, and the result of damage it caused to, Plaintiff ExamWorks.

83. It would be inequitable to allow Defendant Insight Services to retain the amounts by which it unjustly has been enriched at Plaintiff ExamWorks' expense, which amounts will be proven.

84. As a result of the foregoing, Plaintiff ExamWorks is entitled to damages in an amount to be proved, plus interest, costs, disbursements, and attorneys' fees.

## SIXTH CAUSE OF ACTION
## PERMANENT INJUNCTION
### (Against All Defendants)

85.     Plaintiff ExamWorks repeats and realleges the preceding allegations as if fully set forth herein.

86.     Unless enjoined, Defendants will continue to breach the Agreements attached as **Exhibit A, Exhibit B** and **Exhibit C** to this Complaint, including without limitation misappropriation or destruction of ExamWorks' Confidential Information and trade secrets; continue to contact ExamWorks' current, former, and prospective customers and employees in violation of the aforementioned agreements; and continue to wrongfully possess or control Plaintiff ExamWorks' Confidential Information and trade secrets.

87.     Unless Defendants are enjoined from committing these acts, ExamWorks will be irreparably harmed.

88.     Economic damages are insufficient to remedy the damage Defendants have caused and will continue to cause to ExamWorks unless permanently enjoined from further commission of these acts.

89.     Under the agreements (**Exhibit A, Exhibit B** and **Exhibit C** hereto), it is recognized that Plaintiff ExamWorks is entitled to injunctive relief.

90.     Plaintiff ExamWorks has no adequate remedy at law.

91.     By reason of the foregoing, Plaintiff ExamWorks is entitled to a permanent injunction to prohibit the continuing wrongful acts of Defendants.

**WHEREFORE,** Plaintiffs demand a jury trial on all claims so triable and request that the Court enter an order granting the following relief:

**As to the First Cause of Action**, judgment against Defendant Perna awarding damages

and injunctive relief with respect to the agreements attached to this Complaint as **Exhibit A, Exhibit B** and **Exhibit C;**

**As to the Second Cause of Action,** judgment against Defendant Perna awarding damages in the amount of $756,589.30, plus interest and attorneys' fees;

**As to the Third Cause of Action**, judgment against all Defendants for the damages caused by misappropriation of Plaintiffs' Confidential Information and trade secrets in an amount to be proved, plus interest, costs, disbursements, and attorneys' fees, as well as injunctive relief as to any continued misappropriation of Plaintiffs' Confidential Information and trade secrets;

**As to the Fourth Cause of Action,** judgment against Defendant Insight Services awarding damages and injunctive relief for its tortious interference with the rights of Plaintiffs under the contracts attached to the Complaint as **Exhibit A, Exhibit B** and **Exhibit C;**

**As to the Fifth Cause of Action**, judgment against Defendant Insight Services for damages with respect to the unjust enrichment enjoyed by Insight Services in an amount to be proved, plus interest;

**As to the Sixth Cause of Action,** a permanent injunction against all Defendants prohibiting their continuing wrongful acts; and

**As to all Causes of Action**, interest, costs, disbursements and attorneys' fees, as appropriate, and such other and further relief as the Court deems appropriate.

Dated: July 25, 2025

                                                **SCHRÖDER, JOSEPH & ASSOCIATES, LLP**

                                                */s/ Linda H. Joseph*

                                                Linda H. Joseph, Esq.
                                                394 Franklin Street, Second Floor
                                                Buffalo, New York 14202
                                                Telephone: (716) 881-4902
                                                Facsimile: (716) 881-4909
                                                Cell Phone: (716) 861-1398

                                                ljoseph@sjalegal.com